THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 1:08-CR-00057-TNM |
| | § |
| ELEAZAR MEDINA ROJAS (15), | § |
| also known as "Chelelo" | § |

**DEFENDANT ELEAZAR MEDINA ROJAS'
MOTION TO EXCLUDE NON-DISCLOSED EXPERT TESTIMONY**

TO THE HONORABLE COURT:

Defendant Eleazar Medina Rojas ("**Mr. Medina Rojas**") files this Motion to Exclude Non-Disclosed Expert Testimony and in support would respectfully show:

**I. Relevant Background**

1. On May 9, 2013, Mr. Medina Rojas was indicted for drug trafficking offenses allegedly occurring from 2000 to 2010. *See* ECF No. 159.

2. On July 16, 2024, the Court granted a Joint Motion to Continue [ECF No. 570] resetting the deadline for motions, expert notices, and 404(b) notices to January 6, 2025. *See* July 16, 2024 Minute Entry. The current trial date is March 31, 2025.

3. Pursuant to FED. R. CR. P. 16 (a)(1)(G), Mr. Medina Rojas requested, in a letter dated January 5, 2024, that the Government advise if it intends to introduce any expert testimony under the Federal Rules. A copy of the letter is attached as **Exhibit 1** to this Motion and incorporated by reference.

4. On February 12, 2024, the Government advised in a letter that it "has not yet identified the experts it intends to introduce at trial" under Fed. R. Crim. P. 16(a)(1)(G), but then vaguely conditioned that response by saying it "will provide expert disclosures sufficiently before trial to provide a fair opportunity for the defendant to meeting the Government's evidence." A

copy of the Government's letter is attached as **Exhibit 2** to this Motion and incorporated by reference.

5. On January 6, 2025, the Government filed its Notice of Intent to Call Expert Witnesses at Trial [ECF No. 601], giving notice that the Government intends to call two expert witnesses: (1) FBI Agent Taylor Page in the field of cell site analysis; and (2) DOJ Linguist Judi O'Brien in Spanish-English translations. The Defense will respond to the designation of these two experts on or before the January 31, 2025 deadline for oppositions. *See* July 16, 2024 Minute Entry.

6. This Motion addresses and seeks to preclude the Government from offering any other expert testimony (or expert testimony through lay witnesses) beyond that timely and properly disclosed. Specifically, the Government has not designated any experts in the area of narcotics trafficking organizations, international smuggling organizations, use of code words or slang associated with such organizations, or any other methods that such organizations may employ in furtherance of alleged illicit activities.

## II. Analysis

7. The Federal Rules of Criminal Procedure provide:

*At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.*[1]

8. After receiving the Defense's request and other than the two experts designated on January 6, 2025, the Government has not identified any other experts under FED. R. CRIM. P. 16(a)(1)(G).

---

[1] FED. CR. P. 16(a)(1)(G).

### III. Conclusion

9. Mr. Medina Rojas respectfully moves this Court to prohibit the introduction of any undisclosed expert testimony at trial. Such a remedy is precisely what Rule 16 contemplates:

> **Failure to Comply**. If a party fails to comply with this rule, the Court may:
> . . .
> (C) prohibit that party from introducing the undisclosed evidence.[2]

10. Prohibiting the Government from introducing any expert testimony that has not been disclosed is a suitable remedy because to allow the Government to later designate other proposed experts and expert testimony would offend due process and prejudice Mr. Medina Rojas. Such a late disclosure would limit his ability to (1) evaluate and analyze the Government's proposed expert testimony; (2) raise appropriate legal challenges to such testimony; (3) evaluate the need for Defense experts; (4) identify, locate, and retain such experts; and (5) adequately prepare for trial.

### IV. Prayer

Mr. Medina Rojas respectfully requests that the Court grant this Motion. If the Court deems it necessary, Mr. Medina Rojas requests the Court set a hearing to consider further evidence and arguments in this matter.

DATED: January 6, 2025.

Respectfully submitted

By:   */s/ Jason M. Davis*
Jason M. Davis
State Bar No. 00793592
E-mail: *jdavis@dslawpc.com*
**DAVIS & SANTOS, PLLC**
719 S. Flores Street
San Antonio, Texas 78204

---

[2] FED. R. CR. P. 16(d)(2)(C).

3

Tel: (210) 853-5882
Fax: (210) 200-8395

*Attorneys for Defendant*
*Eleazar Medina-Rojas*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, the foregoing document was served on the following counsel of record via the Court's ECF system:

Mr. Michael Kay Ross
Ms. Jillian Leslie
AEGIS LAW GROUP LLP
801 Pennsylvania Ave NW, Suite 740
Washington, DC 20004
Email: *mross@aegislawgroup.com*
Email: *jleslie@aegislawgroup.com*

*Attorneys for Defendant Eleazar Medina-Rojas*

Mr. Duane Ramseur
UNITED STATES DEPARTMENT OF JUSTICE
1331 F Street NW, Suite 600
Washington DC, DC 20004
Email: *duane.ramseur@usdoj.gov*

Ms. Janet Huntley Turnbull
Mr. Kirk Kenneth Handrich
Ms. Melanie Alsworth
Ms. Tara Arndt
Mr. Jayce Born
UNITED STATES DEPARTMENT OF JUSTICE
Narcotic and Dangerous Drug Section
145 N Street NE
Washington, DC 20530
Email: *janet.turnbull2@usdoj.gov*
Email: *Kirk.Handrich@usdoj.gov*
Email: *melanie.alsworth2@usdoj.gov*
Email: *Tara.Arndt@usdoj.gov*
Email: *Jayce.Born@usdoj.gov*

*Attorneys for United States of America*

                                          */s/ Jason M. Davis*
                                          Jason M. Davis